IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROCE M. LOPEZ, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION H-09-3536 |
| | § | |
| LA MADELEINE OF TEXAS, INC., | § | |
| JAYARAMAN VEERARAGHAVALU, | § | |
| MANUEL SANTOY, and TARA KEFFER, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER OF REMAND**

Pending before the Court in the above referenced cause, removed under 28 U.S.C. §§ 1331[1] and 1441[2] by Defendant La Madeleine of Texas, Inc. ("La Madeleine"), with the consent of the other Defendants, from the 190th Judicial District Court of Harris County, Texas based on federal question jurisdiction, are the following motions filed by Plaintiff Roce M. Lopez to challenge the removal: (1) motion to abstain and to remand (instrument #4); (2) motion to

----

[1] Section 1331, addressing federal question jurisdiction, provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[2] Section 1441(a), the general removal statute, states that

any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

-1-

strike consent documents (#8); (3) motion for leave to file supplemental motion to abstain and to remand (#13); and (4) request for a ruling or, in the alternative, for a hearing on Plaintiff's opposed motion to abstain and remand (#14).

Plaintiff's Original Petition (#1, Ex. 2)[3] asserted claims under Chapter 21 of the Texas Labor Code, Section 21.001 *et seq.* Texas Labor Code, and Title VII of the Civil Right Act for employment discrimination based on race, national origin, and sex, and for retaliation, along with common-law claims for constructive discharge, assault and battery, breach of contract, intentional infliction of emotional distress, negligent hiring, supervision, training and retention, slander, and loss of consortium.

### Relevant Law

#### *Removal Jurisdiction and Procedure*

Federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), *citing Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "A party may remove an action from state to federal court if the action is one over which the federal court possess subject

---

[3] With permission of United States Magistrate Judge Frances Stacy, Plaintiff has since filed a First Amended Original Petition (#11), but to determine whether jurisdiction is present in a removed action, the Court considers the claims set out in the governing state court petition **as of the date of removal**. *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 (1998); *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)(removal jurisdiction is determined on the basis of claims in the state court complaint at the time of removal).

matter jurisdiction." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); 28 U.S.C. § 1441(a). "Because removal raises significant federalism concerns, the removal statute is strictly construed." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). "[A]ny doubt as to the propriety of removal should be resolved in favor of remand." *Id.* The removing party bears the heavy burden of establishing federal subject matter jurisdiction. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996); *Boone v. Citigroup, Inc.*, 416 F.3d 388 (5th Cir. 2005).

Title 28 U.S.C. § 1446(b) in relevant parts requires, "The notice of removal of a civil action . . . shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action . . . is based, or within thirty days after . . . the case . . . has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." The Fifth Circuit construes § 1446(a) and (b) to require that all properly served defendants join in or consent to a notice of removal within the thirty-day period prescribed for removal, i.e., the "rule of unanimity." *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1262-63 (5th Cir. 1998); *Doe v. Kerwood*, 969 F.2d 165 (5th Cir. 1992); *Gillis v.*

*Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002).  This joinder or consent does not require all defendants to sign the notice of removal, but there must be "some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have the authority to do so, that it has consented to such action"; "otherwise, there would be nothing on the record to 'bind' the allegedly consenting defendant." *Getty Oil*, 841 F.2d at 1262 n.11. To consent to the notice of removal, each properly served defendant "must join in the petition no later than thirty days from the day on which the first defendant was served." *Id.* at 1263 known as the "first-served" defendant rule).  An improperly joined defendant or improperly served defendant need not join in the notice or petition for removal.  *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993)(observing that "application of this requirement to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists").  Although the thirty-day period is not jurisdictional and thus may be waived, failure to seek removal within thirty days may make the removal improvident within the meaning of 28 U.S.C. § 1447(c).  *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986).  A removing party's failure to obtain the consent and joinder of all other defendants may render its removal notice procedurally defective and may warrant remand on this ground

-4-

alone.  *Getty Oil*, 841 F.2d at 1263 n.12.

District courts in the Fifth Circuit have recognized three narrow exceptions to the unanimity rule:  (1) where the non-joining defendant has not been served with service of process at the time the removal petition is filed[4]; (2) where the non-joining defendant is merely a nominal or formal party[5]; or (3) where the removed claim is a separate and independent claim under 28 U.S.C. § 1441(c).[6]  *See, e.g., Pan American Trade Consultants, Inc. v. Aerotyme, Inc.*, No. Civ. A. 97-1331, 1997 WL 466819, *2 n.1 (E.D. La. Aug. 7, 1997), *citing CHM, Inc. v. Canal Place Management*, 1993 WL 70252 (E.D. La. March 10, 1993), *citing* 14A Wright, Miller & Cooper, *Federal Practice and Procedure* § 3731 (Supp. 1992).  Only the second of these exceptions applies here and does not affect the dispute between Plaintiff and La Madeleine over the allegedly procedurally defective removal.

_____

[4] No petition for removal was filed in this action until La Madeleine filed the one on which this case was removed.

[5] For further discussion of nominal party exception *see Tureaud v. Kephart*, Civ. A. No. 09-7269, 2010 WL 1254372, *2 (E.D. La. Mar. 24, 2010); *Extreme Outdoors Ltd., Inc. v. Gary Yamamoto Custom Baits*, Civil A. No. H08-1259, 2008 WL 2810874, *5.(S.D. Tex. July 21, 2008).  Manuel Santoy may be the only nominal party here since he was never served.

[6] *See, e.g., Smith v. Amedisys, Inc.*, 298 F.3d 434, 439-40 (5th Cir. 2002)("A claim is not independent if it involves substantially the same facts.").  Plaintiff's federal and state-law claims in her original petition are not separate and independent because all relate to the alleged discriminatory and harsh conduct of her employer against Plaintiff during employment.

In *Demco*, the Fifth Circuit noted that "[i]n the absence of
waiver of the time limit by the plaintiff, *or some equitable reason
why that limit should not be applied,* however, a defendant who does
not timely assert the right to remove loses that right." *Demco*,
292 F.3d at 481 [emphasis added by the Court]. Moreover, the
general rule ("If the first served defendant abstains from seeking
removal or does not effect a timely removal, subsequently served
defendants cannot remove . . . due to the rule of unanimity . . .
.") "follows logically from the unanimity rule, the thirty-day time
limit, and the fact that a defendant may waive removal by
proceeding in state court. Moreover, by restricting removal to
instances in which the statute clearly permits it, the rule is
consistent with the trend to limit removal jurisdiction and with
the axiom that the removal statutes are to be strictly construed
against removal." *Id.* at 481-82. Nevertheless, suggesting that
evidence establishing that a plaintiff knew that a party was a
proper defendant but delayed in naming it as a defendant "in a bad
faith effort to prevent removal" might constitute "exceptional
circumstances" warranting an equitable exception to the rule, the
Fifth Circuit panel continued, "We establish no inexorable time
limit. Exceptional circumstances might permit removal even when a
later-joined defendant petitions more than precisely thirty days
after the first defendant is served. No such circumstance is
present here." *Id.* at 482, *cited for this proposition, Getty Oil*,

-6-

481 F.2d at 1263 n.12.

Since *Demco* first mentioned the possibility of permitting an equitable exception from the unanimity rule for "exceptional circumstances," however, the Fifth Circuit has granted such an exception only once. *See Tureaud*, 2010 WL 1254372 at *2 n.10, *citing Jacob v. Greyhound Lines Inc.,* No. 02-2199, 2002 WL 31375612, *6 (E.D. La. Oct. 21, 2002); *Sillas v. Sillas*, Civ. A. No. 3:07-CV-1866, 2008 WL 755256, *3 (N.D. Tex. Mar. 20, 2008). Specifically, in *Gillis v. Louisiana*, 294 F.3d 755 (5th Cir. 2002), the removing defendant failed to obtain and timely file an authorized consent from a non-removing defendant before the thirty-day removal period expired, but it did have that defendant's consent through an informally authorized party.   In equitably extending the thirty-day period for obtaining the authorized consent, the Fifth Circuit highlighted the facts that the Board attempted to schedule a meeting prior to the expiration of the removal period, that the initial "consent" was informally authorized, and that authorized consent from that defendant was subsequently obtained and filed in that action.   *Id.* at 759.

In *Doe v. Kerwood*, 969 F.2d at 169, the Fifth Circuit examined the issue of potential abuse by a plaintiff in manipulating service:

> The Red Cross . . . suggested during oral argument of this case that the rule requiring the consent of all defendants is subject to abuse by plaintiffs.   This argument is based on the interaction between 28 U.S.C. §

1446(b) and the rule itself.  Section 1446(b) requires
that a notice of removal be filed within thirty days
after the receipt by the defendant of the initial
pleading or the summons.  This Court has interpreted that
provision to mean that a defendant who does not petition
for removal within that time period loses the right to
remove and is precluded from joining in a later removal
petition.  The Red Cross argues that a plaintiff could
therefore serve all of the defendants other than the Red
Cross, wait for the expiration of thirty days, and then
serve the Red Cross.  In these circumstances, the Red
Cross argues, the co-defendants would be precluded from
consenting to the removal.  This scenario does not
justify the creation of an exception to the unanimous
consent rule.  First of all, this scenario does not
describe the sequence of events in this case.  More
importantly, should such a situation arise, it is within
the equitable power of the court to consider such
exceptional circumstances on a case-by-case basis.

*Id.*, *citing Demco*, 792 F.2d at 482 ("Exceptional circumstances
might permit removal even when a later-joined defendant petitions
more than precisely thirty days after the first defendant is
served.").  Thus the Fifth Circuit is unwilling to carve out a
standing exception to the unanimity rule, though a court may
examine the issue in individual cases to determine whether there
are exceptional circumstances warranting equitable tolling of the
time limitation.

In *White v. White*, 32 F. Supp. 2d 890 (W.D. La. 1998), the
district court discussed *Kerwood,* but observed, "The Fifth Circuit
has never published an opinion in which it either found exceptional
circumstances or further defined the term, but *Kerwood*, *Getty Oil*,
and *Brown [v. Demco]* imply that bad faith or forum manipulation
would fit the bill."  In *White*, the district court found forum

manipulation in which Plaintiff's counsel set "a removal trap by first serving an unsophisticated defendant [Mr. White] who [was] least likely to attempt removal" and then "inexplicably" waiting thirty days before serving the more sophisticated defendant, NationsBank. Plaintiff's counsel mailed a copy of the petition and a "carefully designed" cover letter to Mr. White, emphasizing twice that the mailing did not constitute service of the lawsuit and omitting a copy of the citation, which would have the statement "YOU HAVE BEEN SUED" and would alert a recipient that he should file a response in thirty days. *Id.* at 893-94.[7] Furthermore, Plaintiff's counsel, though disputing the charge that he engaged in forum manipulation, gave "no explanation whatsoever for the highly suggestive circumstances and time line of events." *Id.* at 894. Plaintiff's counsel did argue that NationsBank had no proof of forum manipulation, but the court responded that "proof of subjective intent and motivation usually must, by their very nature, be based upon circumstantial evidence" and concluded that the "record provides more than enough." *Id.* at 894. It ruled, "Exceptional circumstances exist to permit the removal to stand

---

[7] At the time the Fifth Circuit rule was that the plain language of § 1446(b) mandates that the 30-day period for removal "begins when the defendant receives a copy of the initial pleading through *any* means, not just service of process." *Reece v. Wal-Mart Stores, Inc.*, 98 F.3d 839, 841 (5th Cir. 1996). *Reece* was abrogated by *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), holding that the 30-day period begins to run only when the defendant is formally served with summons and complaint by certified mail.

despite what may have been technical noncompliance with non-jurisdictional aspects of the removal procedure." *Id.*

In *Sillas*, 2008 WL 755256, where the removing defendant, Amtrak, failed to obtain the consent of certain defendants, Amtrak argued that it was entitled to application of the *Gillis* "exceptional circumstances" exception to the unanimous consent rule because otherwise the consent rule would result in unfairness and frustrate Amtrak's right to remove the case on federal jurisdictional grounds. Distinguishing its case from *Gillis*, which it opined applied "only in a context in which consent was ultimately obtained, and only to relax the requirement that consent be file within the 30-day removal period," the *Sillas* court "decline[d] to extend the exceptional circumstances exception to a case that clearly falls outside the bounds of this circuit's precedent, particularly because the court is required to construe the removal statute strictly and to resolve any doubts concerning removal in favor of remand." *Id.* at *3. It remanded the case.

In *Tedford v. Warner-Lambert*, 327 F.3d 423 (5th Cir. 2003), Jaretta Kay Tedford, along with Maria Castro, sued the pharmaceutical company and others after a medication, Rezulin, which Tedford took to treat her Type-2 diabetes, caused her liver to fail. The original petition named one non-diverse defendant, treating physician Dr. Stan Johnson, but did not identify which plaintiff he treated. Through discovery Warner-Lambert learned

that Dr. Johnson had treated only Castro, who had yet to show any injury from Rezulin.[8] Subsequently the two plaintiffs' suit was severed, pursuant to motion by Warner-Lambert.  Shortly before the severance, Warner-Lambert had informed Tedford's attorney that if the suit was severed, Warner-Lambert intended to remove the Tedford action to federal court on diversity jurisdiction.  Three hours after the warning was issued, Tedford amended her complaint to add her treating physician, Texas resident Robert DeLuca.  Warner-Lambert removed the action on diversity jurisdiction and argued that both treating physicians had been fraudulently joined.  The district court granted a motion to remand to state court by Tedford.  Tedford subsequently signed and dated a Notice of Nonsuit of Dr. DeLuca before the one-year anniversary of the commencement of Tedford's action, but did not file it with the court nor notify Warner-Lambert until after the anniversary had expired.  Warner-

---

[8] The appellate court pointed out neither Tedford nor Castro could assert a cognizable claim against the non-diverse Dr. Johnson.  Johnson was not Tedford's treating physician, and Castro suffered no injury.  Texas law does not recognize a cause of action to recover for alleged fear that a functioning product might fail at some future time.  *Tedford*, 327 F.3d at 427 n.11, *citing Lauterbach v. Shiley, Inc.*, 1991 WL 148137, *9 (S.D. Tex. 1991)("There is no cause of action under Texas law where a plaintiff's product is and has been functioning without incident. Texas law does not recognize a claim seeking to recover for alleged concern or anxiety that a functioning product might fail at some future unknown time.") and *Gideon v. Johns-Manville Sales Corp.*, 761 F.2d 1129, 1131-37 (5th 1985)("However egregious the legal fault, there is no cause of action for negligence or products liability until there is 'actual loss or damage resulting to the interests of another.'").

Lambert again removed the suit, one year and ten days after it was filed, in violation of the one-year limitation on removal in § 1446(b)("a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of this action"). Tedford accordingly moved for remand. The district court concluded that Tedford had engaged in forum manipulation, denied Tedford's motion to remand, and certified to the Fifth Circuit the question whether the one-year limit on removal is subject to equitable exception and whether it should be applied in this case.

In a case of first impression in federal appellate courts, in *Tedford* the Fifth Circuit applied the principal that "[t]ime requirements in lawsuits between private litigants are customarily subject to 'equitable tolling'" and the established case law holding that time limits for removal are not jurisdictional and may be waived. *Tedford*, 327 F.3d at 426. It concluded,

> Tedford's forum manipulation justifies application of an equitable exception in the form of estoppel. In enacting § 1446(b), Congress intended to "reduc[e] opportunity for removal after substantial progress had been made in state court." Congress may have intended to limit diversity jurisdiction, but it did not intend to allow plaintiffs to circumvent it altogether. Strict application of the one-year limit would encourage plaintiffs to join nondiverse defendants for 366 days simply to avoid federal court, thereby undermining the very purpose of diversity jurisdiction. [citations omitted]

*Id.* at 426-27. In sum, "Equity demands Tedford be estopped from seeking to remand the case on the basis of the one-year limit in

§ 1446(b)."  The panel held,

> Where a plaintiff has attempted to manipulate the
> statutory rules for determining federal removal
> jurisdiction, thereby preventing the defendant from
> exercising its rights, equity may require that the one-
> year limit in § 1446(b) be extended.  The facts of this
> case present just such a circumstance.

*Id.* at 428-29.

In *Carr v. Mesquite Indep. Sch. Dist.*, No. Civ. A. 3:04-CV-
0239, 2004 WL 1335827, *2-3 (N.D. Tex. June 14, 2004), the district
court examined cases addressing the "exceptional circumstances"
exception and concluded that they "permit the court to invoke its
equitable powers to uphold removal where the notice of removal is
untimely under 28 U.S.C. § 1446(b)," and then on a "case-by-case
basis," but should not be so broadly read as to "justify the
creation of an exception to the unanimous consent rule."  The court
opined that *Kerwood* "addresses the district court's equitable power
to overlook noncompliance with the *temporal* strictures on removal,
not the requirement of unanimity."  *Id.* at *2 [emphasis added by
this Court].  *Demco* stated that "[e]xceptional circumstances might
permit removal even when a later-joined defendant petitions more
than precisely thirty days after the first defendant is served";
but *Demco* did not approve of "an exception to the rule that the
first served defendant must ultimately consent to removal."  *Id.*
*Tedford* held that "the plaintiff's forum manipulation warranted
equitable tolling of the § 1446(b) one-year time limit on removal
in a diversity case, not elimination of the unanimous consent

-13-

requirement." *Id.* at *3.   In *White* the court held that "patent
forum   manipulation   justified   upholding   removal   where   a
subsequently-served defendant's notice of removal was untimely
under the 'first-served defendant' rule," but also noted that the
"subsequently served defendant removed the case with the requisite,
written consent of its co-defendant." *Id.* In sum, "'exceptional
circumstances' do not eliminate the requirement that all defendants
who are properly joined and served must join in the notice of the
removal." *Id.*

*Federal Question Jurisdiction*

The well pleaded complaint rule, stating that federal
jurisdiction exists only when a federal question is presented on
the face of a plaintiff's properly pleaded complaint, determines
whether the court has federal question jurisdiction. *Caterpillar,
Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Hoskins v. Bekins Van
Lines*, 343 F.3d 769, 772 (5th Cir. 2003).  Because the plaintiff is
the master of his complaint, he may avoid federal jurisdiction by
relying exclusively on state law. *Caterpillar*, 482 U.S. at 392;
*Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 200q).  Any
doubt about whether removal jurisdiction is proper should be
resolved in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d
335, 339 (5th Cir. 2000), *citing Willy v. Coastal Corp.*, 855 F.2d
1160, 1164 (5th Cir. 1988).  Because the removal statute is strictly
construed, any ambiguities are construed against removal. *Manguno*

*v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Here Plaintiff's original petition expressly asserts against La Madeleine claims for alleged race, national origin, sex discrimination, retaliation and constructive discharge under Title VII of the Civil Rights Act.

<em>Supplemental Jurisdiction</em>

Title 28 U.S.C. § 1367(a) provides,

> [I]n any civil action of which the district courts have original jurisdiction, courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.   Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

"If a plaintiff files suit in state court alleging both federal and state claims arising out of the same controversy, the entire action may be removed to federal court" under 28 U.S.C. § 1441 for original jurisdiction over the federal question claims and § 1367 for supplemental jurisdiction over the state law claims. *Halmekangas v. State Farm Fire and Casualty Co.*, ___ F.3d ___, No. 09-31060, 2010 WL 1407683, *2 (5th Cir. 2010).[9]   *See also* 14B

---

[9] "Although this permitted removal of state and federal claims is simultaneous, it is useful to view it in steps:  first, a party will use § 1441 to remove the civil action over which federal courts have original jurisdiction; and a second, the party will invoke § 1367 to allow the state claims to piggyback the federal claims." *Halmekangas*, 2010 WL 1407683 at *2.   "Supplemental jurisdiction on its own does not give federal courts the power to

Charles A. Wright, Arthur R. Miller, Edward H. Cooper, and Joan E. Steinman, *Federal Practice & Procedure* § 3722 (4th ed. 2009).

### Amendment of Notice of Removal

A Defendant may freely amend its notice of removal within the thirty-day period for the original filing of a notice of removal under 28 U.S.C. § 1446(b). *New Bethlehem Missionary Baptist Church v. Church Mutual Insurance Co.*, Civil A. No. H-09-3901, 2020 WL 936477, *2 (S.D. Tex. Mar. 11, 2010), *citing Wright v. Combined Ins. Co. of America*, 959 F. Supp. 356, 359 (N.D. Miss. 1997). After this period has expired, the defendant may amend the notice of removal only "'to clarify the jurisdictional grounds for removal which were unartfully stated in the original notice,' or to cure 'technical defects' in the initial allegation. *Id., citing Holt v. Lockheed Support Sys., Inc.*, 835 F. Supp. 325, 327 (W.D. La. 1993)(quoting *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 512 (5th Cir. 1985)). Generally a defendant may not add completely new grounds for removal, even where the court has rejected the initial basis for removal cited in the notice. *Id., citing* 14C Charles Alan Wright *et al., Federal Practice & Procedure* § 3733 at 651-59 (4th ed. 2009).

### Award of Costs, Expenses and Fees Under § 1447(c)

remove a state case that does not arise from a federal question or offer complete diversity of citizenship." *Id.* at *3.

If a court remands a case, it has the discretion to award the "payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of removal." 28 U.S.C. § 1447(c). Nevertheless, that discretion is limited: "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)(establishing the appropriate standard for awarding fees upon remand), *quoted by Diaz v. Cameron County, Texas*, 300 Fed. Appx. 280, 281, No. 08-40494, 2008 WL 4933734, *1 (5th Cir. Nov. 19, 2008). In making this determination, the Court "'do[es] not consider the motive of the removing defendant, but instead must examine "the objective merits of removal at the time of removal, irrespective of the ultimate demand." *Diaz*, 300 Fed. Appx. at 281, 2008 WL 4933734 at *1, *citing Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292-93 (5th Cir. 2000). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin*, 546 U.S. at 141, *citing Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004). "Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin*, 546 U.S. at 140.

### Plaintiff's Motion to Abstain and Remand

Because Plaintiff's motion to abstain and remand raises threshold issues, the Court addresses it immediately.

First, Plaintiff's motion to abstain and remand argues that the removal was untimely and therefore procedurally defective. Defendant Jayaraman Veeraraghavalu was served on August 10, 2009.[10] La Madeleine was not served until October 21, 2009 and did not file its Notice of Removal until October 30, 2009, long past the thirty-day period for removal triggered by service on the first Defendant. 28 U.S.C. §1446(b); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986).

Second, the removing Defendant is required to secure written consent to the removal from the remaining Defendants within the thirty-day period. *Doe v. Kerwood*, 969 F.2d 165 (5th Cir. 1992). Plaintiff insists that La Madeleine has failed to do so.

Furthermore, Plaintiff states that although the suit initially asserted claims under both state and federal law, she intended to amend her petition to focus on state law. She claims, "Defendants have no plausible basis for claiming that this court had jurisdiction on any basis that would take precedence over any cause of action in Plaintiff's petition," and that the removal caused unnecessary delay in the trial of this action and increased costs.

---

[10] Defendant Tara Keffer was served on August 13, 2009. Manuel Santoy has not been served. #5 at 1.

-18-

#4 at 3.  She requests the court to order Defendants to pay $2,500 for costs, expenses and attorney's fees incurred by Plaintiff as a result of the removal.

### *La Madeleine's Response*

Defendant La Madeleine responds that Plaintiff has sued it, alone, for alleged race, national origin, sex discrimination, retaliation and constructive discharge under Title VII of the Civil Rights Act, which is the basis for the removal.  Plaintiff filed suit and served only the individual defendants against whom she does not have any federal claims, so that they could not remove it. Setting up a "removal trap," Plaintiff did not serve La Madeleine, against which she does assert federal claims, until October 21, 2009, more than two months after she served the first individual defendant.  At that time La Madeleine claims it had obtained written, signed consents from the other two defendants who had been served with process.  #5, Ex. A (consent to removal from Jayaraman Veeraraghavalu, dated 9/30/09, and from Tara Keffer, dated 10/06/09).  La Madeleine asks the Court to allow it to cure any defect by amending the Notice of Removal under 28 U.S.C. § 1653 to include these written consents.  *Getty Oil*, 841 F.2d at 1262 (28 U.S.C. § 1653 permits amendment of all allegations of jurisdiction).

La Madeleine argues for application of the exceptional circumstances for an extension of the thirty-day period for removal

-19-

after service on the first defendant. *Demco, Inc.*, 792 F.2d at 482
("We establish no inexorable time limit. Exceptional circumstances
might permit removal even when a later-joined defendant petitions
more than precisely thirty days after the first defendant is
served."). The Fifth Circuit has held that "section 1492(b) is not
inflexible, and the conduct of the parties may affect whether it is
equitable to strictly apply" the statute's time limits. *Tedford*,
327 F.3d at 426. Moreover La Madeleine discusses *Kerwood*, 969 F.2d
165, in which the Red Cross argued that it would be unfair to
require defendants who could not themselves remove a case to
consent to a removal notice. The Fifth Circuit disagreed, stating
that "[t]his scenario does not justify the creation of an exception
to the unanimous consent rule," but nevertheless opined, "[S]hould
such a situation arise, it is within the equitable power of the
court to consider such exceptional circumstances on a case-by-case
basis." *Id.* at 169 ("exceptional circumstances" exception to the
first served rule may apply when "a plaintiff . . . serve[s] all of
the defendants other than the [corporate defendant], wait[s] for
the expiration of thirty days, and then serve[s]" the corporate
defendant). La Madeleine maintains that exceptional circumstances
exist here and urges the Court to sustain the removal at issue.

La Madeleine challenges as false the allegations in the
Plaintiff's petition at ¶ 4 that service on La Madeleine "may be
effected by serving the President of the corporation, Greg

Buchanan, at 6688 N. Central Expressway, Suite 700, Dallas, Texas 75206" and in Plaintiff's motion at ¶ 2 that "citations directed to La Madeleine were returned unexecuted because they failed to accept their registered mails." On July 1, 2009, more than a month before Plaintiff filed the instant suit, La Madeleine had filed a "Statement of Registered Office/Agent" form with the Texas Secretary of State. #5, Ex. B, identifying La Madeleine's registered agent as Mr. Harry J. Martin, Jr., 12201 Merit Drive, suite 900, Dallas, Texas 75251. Had Plaintiff searched the Secretary of State's website, she would have obtained the correct name and address for La Madeleine's registered agent. At minimum, it was Plaintiff's mistake, but definitely not improper conduct by La Madeleine, that led to the failure to serve La Madeleine until October 21, 2009.[11]

_____

[11] Plaintiff responds that Mr. Buchanan is the Corporate President of La Madeleine (#8, Ex. A), and under Texas law, service on a corporation is permitted through its President, Vice President, or Registered Agent. Tex. Bus. Org. Code §§ 5.201(a)-(b), furthermore, although La Madeleine changed its Agent's address on July 1, 2009, its Exhibit B shows the change was not effective until July 13, 2001. Furthermore the Secretary of State's website "created the confusion that [misled] plaintiff, by intentionally or negligently maintaining two addresses . . . for the corporation and agents as of December 29, 2009. #8, Exs. B-G.

The Court observes that under both the Texas Business Organizations Code Ann. §§ 5.201 and 5.255(1)and the Texas Business Corporations Act art. 2.11 (which expired on Jan. 1, 2010 but was in effect at the relevant time), service of process on a corporation may be made upon the corporation's registered agent, president or vice president. *Leonard Manor, Inc. v. Century Rehabilitation of Texas, L.L.C.*, No. 06-09-00036-CV, 2009 WL 2878016, *2 (Tex. App.--Texarkana Sept. 10, 2009, review denied). Thus Plaintiff was in compliance with the law in serving La

-21-

Finally La Madeleine asks the court to deny Plaintiff's request for an award of costs, expenses and fees under § 1447(c) because it had an objectively reasonable basis for removing the case within thirty days after it was served because the Fifth Circuit stated that the exceptional circumstances exception to the first served rule applies[12] when "a plaintiff serve[s] all of the defendants other than the [corporate defendant], wait[s] for the expiration of thirty days, and then serve[s]" the corporate defendant. *Kerwood*, 969 F.2d at 169.

### Plaintiff's Motion to Strike Letters of Consent (#8)

Because La Madeleine's evidence of letters of consent from the other served Defendants affects the exceptional circumstances exception analysis, the Court simultaneously considers Plaintiff's motion to strike.

Plaintiff argues that the letters of consent should be stricken (1) because they were untimely filed on December 16, 2009, far more than thirty days after La Madeleine was served, without explanation, argument or authority to support the untimeliness, attached to La Madeleine's response #8) to Plaintiff's motion to

_____

Madeleine's president.

[12] The Court finds that La Madeleine misrepresents the Fifth Circuit's holding.  The Red Cross made this argument and the appellate panel held that it "does not justify the creation of an exception to the unanimous consent rule" and that if such a situation should arise, "it is within the equitable power of the court to consider . . . on a case-by-case basis."  969 F.2d at 169.

abstain and remand filed on October 30, 2009, the Notice of Removal was defective; and (2) Plaintiff's First Amended Complaint (#11) makes clear that she intended to sue only under state law.

As discussed *supra*, the latter argument is meritless, as the controlling complaint is the one governing at the time of removal. That Original Petition expressly asserted claims under Title VII against La Madeleine.

Plaintiff emphasizes that La Madeleine filed its Notice of Removal without proper consent documents. It only filed such evidence in its response to Plaintiff's motion to abstain and to remand on December 16, 2009, and then Jayaraman Veeraraghavalu's was signed on September 30, 2009, more than thirty days after he was served, while Tara Keffer's consent was signed on October 5 or 6, 2009, more than thirty days after she was served. Plaintiff also states that although Defendant claims a simple search of the Secretary of State's website would have provided Plaintiff with the proper address for service on La Madeleine's Registered Agent, Defendant's change of address on July 1, 2009 was not effective until July 13, 2009. Moreover, the Secretary of State's website confusingly maintained two addresses for the corporation and agents of La Madeleine until December 29, 2009, so choosing one would be neither false nor erroneous. #8, Exs. B,C,D,E,F, and G. Moreover Plaintiff asserts that nothing in the list of filings with the Secretary of State or Defendant's exhibits supports Defendant's

claim that La Madeleine formally changed its address on July 1 or 13. 2009.

Finally Plaintiff insists that Defendant's request for attorney's fees should be denied because it was unreasonable to file a Notice of Removal without proper consent and because Defendant provided conflicting or confusing information and addresses on the Secretary of State's website.   Furthermore La Madeleine has known about this suit since September 8, 2009 when its attorney filed an answer for co-Defendant Tara Keffer.[13]

### Court's Determination

The first-served defendant rule remains binding in the Fifth Circuit.   *Getty Oil Corp.*, 841 F.2d at 1262-63 ("all served defendants must join in the petition no later than thirty days from the day on which the first defendant was served"); *Air Starter Components, Inc. v. Molina*, 442 F. Supp. 2d 374, 379-81 (S.D. Tex. 2006.   That rule was not followed here.   Thus the Court examines whether an equitable exception to the 30-day limit for removal should apply here.

The Court finds that this issue is a close question under the facts of this case.   It is reminded that "equitable considerations

---

[13] The Court notes that Plaintiff fails to identify when La Madeleine contacted and hired counsel to represent it in this lawsuit.   Thus this argument is insufficient to demonstrate La Madeleine's knowledge of this action before it was served.   Even then, under *Michetti Pipe Stringing, Inc.*, 526 U.S. 344, the 30-day period begins to run only when the defendant is formally served with summons and complaint by certified mail.

should be tempered by the strong presumption against removal, and doubts regarding removal should be resolved in favor of remand to the state court." *Partners in Funding, Inc. v. Quest Capital Resources,* Civ. A. No. H-05-0729, 2007 WL 471128 (S.D. Tex. Feb. 8, 2007), *citing Acuna v. Brown & Root, Inc.*, 200 F. 3d 335, 339 (5th Cir. 2009).

Although La Madeleine suggests that Plaintiff deliberately served it late, more that thirty days after two other defendants so as to preclude La Madeleine's removal of this action, the Fifth Circuit has concluded that the potential for such forum manipulation "does not justify creation of an exception to the unanimous consent rule." *Demco*, 792 F.2d at 482. Instead the Court examines the particular circumstances in this case to determine whether an equitable exception should be granted.

The evidence in the record does not indicate wrong doing or bad faith by Plaintiff. Plaintiff has provided documentary evidence of two failed attempts to serve La Madeleine earlier and of the confusing information on the Secretary of State's website about La Madeleine. #4, Exs. D and E; 38, Exs. A-D. La Madeleine has submitted the consent forms of Jayaraman Veeraraghavalu, signed on September 30, 2009, and of Tara Keffer, signed on October 5 or 6, 2009, both dated before La Madeleine was served on October 21, 2009. Yet despite removing this action on October 30, 2009, La Madeleine failed to file these consent forms with the Court until

-25-

December 16, 2009, forty-seven days later, when it attached them as exhibits to its response (#5) to Plaintiff's motion to abstain and remand.   Morever, La Madeleine provides no explanation for its delay.  The Court concludes that such unexplained tardiness causing a procedurally defective removal does not support an equitable exception from the thirty-day rule.

Accordingly, for the reasons stated above, the Court

ORDERS that Plaintiff's motion to remand (#4) this case is GRANTED and this case is REMANDED to the 190th Judicial District Court of Harris County, Texas.  The Court further

ORDERS that Plaintiff's motions to abstain (#4), to strike (#8), to file supplemental motion to abstain and to remand (#13), and to issue a ruling or schedule a hearing on her motion to abstain and remand (#14) are DENIED as MOOT.  Finally, the Court in its discretion

ORDERS that Plaintiff's request for fees and costs under § 1447(c) is DENIED because Defendants had an objectively reasonable basis in precedent for arguing for an equitable exception to the first-served rule.

**SIGNED** at Houston, Texas, this 28th day of April, 2010.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

-26-